# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1360


**DEBRA GOUTIERREZ**

**VERSUS**

**OCTA GOUTIERREZ**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 87110 K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**JUDGMENT VACATED AND REMANDED.**


Paul G. Moresi, III
Post Office Box 1140
Abbeville, LA   70511-1140
(337) 898-0111
COUNSEL FOR DEFENDANT/APPELLANT:
     Octa Goutierrez

Debra Goutierrez
304  Maxie Duhon Road
Youngsville, LA   70592
(337) 552-7497
COUNSEL FOR PLAINTIFF/APPELLEE:
     In Proper Person

AMY, Judge.

The defendant filed a petition for the partition of community property subsequent to the parties' divorce judgment. The trial court issued judgment classifying the former marital home as community property and valued it at $76,000.00. The trial court also awarded the plaintiff an equalizing payment in the amount of $25,000.00 and assigned various movable assets to the parties. The defendant appeals, asserting that the trial court did not partition the community property in accordance with La.R.S. 9:2801. Further, the defendant contends the trial court erred in classifying the former marital home as community property and assigning value to it without sufficient evidence. For the following reasons, we vacate the underlying judgment and remand for further proceedings.

**Facts and Procedural History**

The parties were married on September 10, 2004 in Vermilion Parish and subsequently divorced pursuant to a judgment of divorce signed March 4, 2008. The parties were unable to agree on a voluntary partition of their community, and on May 13, 2008, the defendant, Octa Goutierrez, filed a petition for the partition of community property. The matter proceeded to trial on March 9, 2009. The trial court issued reasons for ruling on March 18, 2009, and signed a judgment reflecting that ruling on May 8, 2009. In its judgment, the trial court awarded the defendant ownership of the marital home and all of the community movables listed in his detailed descriptive list, with the exception of one motorcycle. It further ordered the defendant to pay the plaintiff, Debra Goutierrez, $25,000.00.

The defendant appeals, asserting that trial court did not partition the community property in accordance with La.R.S. 9:2801 in that it did not assign value to all of the items of the community property, establish the amount of community debt, assign

responsibility for the community obligations, or rule on the defendant's reimbursement claims. The defendant asserts that the trial court also erred in classifying the marital home as community property and placing a value on the home without sufficient evidence.

**Discussion**

*Partition of Community Property*

In his first assignment of error, the defendant asserts that the trial court erred in failing to partition the community property in accordance with La.R.S. 9:2801. Specifically, the defendant contends that the trial court erred in not assessing the value of all the items of community property, establishing the amount of community debt, assigning responsibility for the community obligations, and ruling on the defendant's reimbursement claim.

Louisiana Revised Statutes 9:2801 provides the procedure to be used by the trial court in partitioning community property, in pertinent part as follows:

> (4) The court shall then partition the community in accordance with the following rules:
>
> (a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
>
> (b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
>
> (c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
>
> (d) In the event that the allocation of assets and liabilities results

2

in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.

(e) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.

After a trial on the merits, the trial court issued written reasons for ruling on March 18, 2009, and a judgment reflecting that ruling was executed on May 8, 2009.

In its written reasons for ruling, the trial court stated as follows:

After the trial, this court made an oral ruling from the bench. However, subsequent to that ruling, the parties had several issues that they wanted clarification on which weren't specifically addressed during the trial or in the ruling. Because of this, Mr. Moresi [counsel for the defendant] requested that this court issue written reasons for ruling so that the judgment will be able to easily track the ruling. Accordingly, the court issues the following written reasons.

The primary disputed issue in this case was the house. The parties were married September 10, 2004, filed for divorce on June 22, 2007, and were divorced on March 4, 2008. In December of 2004 they bought a house for $14,000 in Delcambre. In January, 2005 Octa sold Debra his half of that house for $7,000 giving Debra sole ownership of the house. The parties subsequently separated and reconciled but at the time of Hurricane Rita, Debra was living alone in the home. This is undisputed. In January of 2006, they physically separated and Debra sold the house to Octa for $6,000. The parties reconciled again and Debra testified that Octa came home with information about the Road Home program, only Debra was eligible because she was living in the home at the time of Hurricane Rita. Octa told Debra that the cash sale for the home was not recorded and he had no plans to record it. It would be as though the parties never entered into the sale. The parties got back together and Debra applied for the loan based on her belief that she and Octa were going to make a life together in the home and Octa's statement that he wasn't going to file the cash sale. This court found Debra to be more credible than Octa on this issue. It does not make sense that Debra would apply for Road Home money to fix a house that she had no legal interest in. Under the Road Home program, it was Debra who would be

3

obligated to repay the money if certain conditions are not complied with by Octa.

Neither side did a good job of presenting evidence of the current value of the house. However, $76,600 in Road Home money, which was disbursed on April 5, 2007, did go into rebuilding the house. Octa testified that he did not know the value of the house, but it was worth $76,600 to him because he lived in it.[1] For the policy period of June 11, 2007 through June 11, 2008, the house was insured for $40,000, and the contents were insured for $20,000. Accordingly, the Court values the house at $76,600 even though there was no appraisal or any other credible evidence, other than the parties' testimony as to what it was worth.

Civil Code Article 4 authorizes the court to apply equitable principles if no rule for a particular situation can be derived from legislation [or] custom. The facts of this case are ideally suited for the application of equitable principles. In response to the numerous hurricanes that have hit Louisiana in recent years, the State developed the Road Home Program. This funding opportunity for the parties was complicated by the facts that Debra was living in the house therefore she had to apply for the loan but Octa would get all the benefits. Additionally, the parties had an unrecorded cash sale between the parties transferring ownership to Octa which Octa in essence told Debra he was going to rescind. Because of the hurricane damage, the use of the Road Home money, and the parties' frequent changing of occupancy and ownership of the home, this court finds that this is an appropriate situation for the application of equitable principles.

Based on this valuation stated above, and applying law and equity to the facts of the case, this Court awards Octa title to the house and orders Octa to pay $25,000.00 to Debra Goutierrez. Additionally, Octa is awarded the lot next to the house. Octa is awarded all of the movables listed on the detailed descriptive list with the exception of the Springer motorcycle. Debra is awarded ownership of the Springer. If Octa pays Debra the $25,000 within 60 days, then Debra is ordered to refinance the debt owed on the Springer within 30 days of that payment. Octa Goutierrez is cast with costs.

---

[1] This following exchange took place between Mr. Moresi and the defendant:

Q    Do you have an opinion as to what the house is worth?

A    Man, in Delcambre, like I said, a one bedroom house, people are moving out, I really don't know. I can go have it appraised if y'all want, but - -

Q    It's certainly not worth anywhere close to seventy something thousand dollars?

A    No. To me it is, because I live in it. I mean, - -

The defendant asserts that the trial court failed to assess the value of items in the community. The record reveals that the defendant identified and assigned value in his detailed descriptive list for several items under the title "movable assets," including: 2005 Harley Davidson FLHTCI Special Police Edition, 2006 Harley Davidson Springer Classic, 2001 Wanderer Toy Hauler Trailer, 1991 Harley Fat Boy (not fully assembled, engine is frozen), Honda generator, and Dell Laptop. The plaintiff's list, which the record indicates is not sworn, lists several items under the headings "Debra Goutierrez's", "Octa Goutierrez's", and "Debra and Octa Goutierrez". It is unclear from the plaintiff's list whether she was indicating what items were in the possession of each party or whether she was indicating what she believed constituted her separate property and the parties' community property. In that list, the plaintiff identified and assigned value to similar property as the defendant such as a "Generator" and "2001 Trailer" under the heading "Debra Goutierrez's". Further, the plaintiff listed and assigned value to a "2006 Springer HP", "2005 Electra Slide", and "1991 Fatboy Custom" under the heading "Debra and Octa Goutierrez."

The trial transcript reveals that testimony was taken in regard to these movables. The record indicates a joint stipulation between the parties, however, that stipulation only involved two of the items, the 2005 Harley Davidson Police Edition and the 2006 Harley Davidson Springer. The judgment, written reasons for ruling, or the trial transcript do not indicate that the trial court made any determination as the value of these items.

The defendant further argues that the trial court did not establish an amount for the community debt or assign the responsibility for the community debt. The

defendant testified at trial, in accordance with the information provided in his sworn list, about the amount of liabilities of the community. Accordingly, the defendant identified those liabilities as debt on two of the motorcycles, one owed to Harley Davidson and the other owed to Gulf Coast Bank. The other liability included was a debt associated with a small business administration loan. The plaintiff's list does not make reference to any community liability, however in her testimony she does not dispute that certain liabilities of the community exist. The trial transcript also indicates that the plaintiff attempted to testify in regard to loans she allegedly gave the defendant, however, the trial court did not allow the testimony over the objection of the defendant, who objected to its introduction because it was not identified in the plaintiff's list.

Louisiana Revised Statutes 9:2801(4)(a) provides that a court, in a partition of community property, "shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties." Here, the record indicates that the trial court only valued the marital home, yet made no reference to the value of the other movables or liabilities. The trial transcript provides the following exchange during the court's oral reasons for ruling:

| Mr. Moresi: | You're awarding him ownership of the bikes? |
|---|---|
| The Court: | Correct. |
| Ms. Goutierrez: | All of them, Your Honor? I've been paying for mine. |
| The Court: | What do you mean, yours, the one that you're riding? |
| Ms. Goutierrez: | The Springer, yes, sir. I've been paying for mine since the beginning. |

6

| | |
|---|---|
| The Court: | I didn't realize that she was actually using one of them. It wasn't - - |
| Ms. Goutierrez: | The Springer is mine. |
| The Court: | I guess I just assumed that he was using both of them. |
| Ms. Goutierrez: | He has the Police, and I have the Springer. And I have receipts that I paid for mine since day one. |
| Mr. Moresi: | Well, I object to anything - - The evidence has been closed. I think, Your Honor, the court has to assign which assets and which debts between the parties - - |
| The Court: | Is it worth [sic] to get five thousand ($5,000) less if you keep that Springer? |
| Ms. Goutierrez: | There's still ten thousand something owed on it. |
| The Court: | That is my proposal to you. |
| Ms. Goutierrez: | Okay. |
| The Court: | You want to keep the motorcycle and get twenty-five ($25,000) instead of the thirty ($30,000)? |
| Ms. Goutierrez: | Yes, sir. |
| Mr. Moresi: | I'm confused, Your Honor. The Springer - - |
| The Court: | Well, you asked me about title. |
| Mr. Moresi: | The Springer is worth thirteen nine, and there is a debt on it of ten five. There's about, what, thirty-five hundred in equity there? |
| The Court: | Yeah. But look at the Fat Boy that he says is worth five thousand dollars ($5,000), and she paid eighteen thousand ($18,000). See I'm making adjustments on all these items. That's what I'm doing. |
| Mr. Goutierrez: | But this motorcycle - - |
| The Court: | No, no. We're not going to open it up to argument right now. |

| Mr. Moresi: | Judge, I'm going to have to prepare the judgment. I just want to make sure that I understand that the court is assigning values to these items and awarding their ownership to one party or the other, so that I can prepare my judgment. |
| --- | --- |
| The Court: | Right. I'm not assigning values to every item. . . . |

It is clear from the record that the trial court failed to assign values to the property, which creates confusion in determining how the trial court reached the $25,000.00 award to the plaintiff. Although not identified as such, it appears that the $25,000.00 award purports to be an "equalizing payment." *See* La.R.S. 9:2801(4)(C). An equalizing payment is ordered in the event where the allocation of assets results in an unequal distribution. *Id.* The statute explains the allocation of assets as follows:

> The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.

La.R.S. 9:2801(A)(4)(c). As to the equalizing payment, the statute states:

> In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.

La.R.S. 9:2801(A)(4)(d).

In sum it appears the trial court did not follow the procedures mandated by La.R.S. 9:2801 because it failed to assign value to all of the assets or liabilities,

divide the assets and liabilities, and determine if an equalizing payment was required due to an unequal distribution. *See Corken v. Corken,* 05-2297 (La.App. 1 Cir. 11/3/06), 950 So.2d 780. Generally, when a trial court errs in its application of a state statute, a reviewing court may review the matter de novo. *Young v. Young*, 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541. As such, if we could fairly partition the parties' community property with the record before us, we would do so, as opposed to remanding the matter for further proceedings. However, there is insufficient evidence in the record for this court to determine on review if each spouse received property of equal value in light of what liabilities they assumed, or whether one of the parties was entitled to an equalizing sum. Further, La.R.S. 9:2801(A)(4)(c) provides that in the allocation of assets, the court should be mindful of the nature of the assets, the economic condition of each spouse, and any other relevant circumstances. The record does not provide any information as the economic condition of the spouses, thus, if we were to award an equalizing sum, we would have to do so with no evidence as to whether either party could afford such. Accordingly, we find it appropriate to vacate the judgment of the trial court. In light of the absence of sufficient evidence in the record, we remand the matter to the trial court for a new trial on the partition of the community property to be made in accordance with La.R.S. 9:2801.

In light of the discussion above, we pretermit discussion of the defendant's other two assignments of error dealing with the classification of the marital home and the value assigned to the marital home.

**DECREE**

For the foregoing reasons, the trial court's judgment partitioning the parties' community property is vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed to the defendant-appellant, Octa Goutierrez.

**JUDGMENT VACATED AND REMANDED.**