STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1394

CARROL FALGOUT ARMAND

VERSUS

DONALD ARMAND

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-3645-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

JUDGMENT VACATED AND REMANDED.

Charles A. Riddle, III
Post Office Box 608
Marksville, LA   71351-0608
(318) 240-7217
COUNSEL FOR PLAINTIFF/APPELLANT:
    Carrol Falgout Armand

Keith W. Manuel
115 East Ogden Street
Marksville, LA   71351
(318) 253-5126
COUNSEL FOR DEFENDANT/APPELLEE:
    Donald Armand

**AMY, Judge.**

In proceedings to partition the parties' community property, the appellant sought sums she alleged were due for reimbursement. However, the appellee asserted that such a remedy was barred by his bankruptcy proceedings. In pre-trial proceedings, the trial court initially concluded that the bankruptcy proceedings were not effective against the appellant insofar as she did not receive adequate notice. After a trial on the merits, however, the trial court found that the wife had a claim to community assets, but that the community was bankrupt and valueless. It therefore awarded neither party assets. For the following reasons, we vacate the judgment of the trial court and remand for further proceedings.

## Factual and Procedural Background

Carrol Falgout Armand and Donald Armand were married in 1997. The parties filed for divorce in 2002, with the trial court entering the order of divorce in 2003. However, the parties were unable to agree on the distribution of their property.

In 2010, Ms. Armand filed her detailed descriptive list, ultimately seeking a reimbursement of $98,834.54 from Mr. Armand. In response, Mr. Armand filed exceptions of no cause of action and no right of action, asserting that he had filed bankruptcy and that he had listed Ms. Armand as a creditor. He also asserted that the automatic stay associated with the bankruptcy had not been released. The trial court ultimately denied Mr. Armand's exceptions, finding in reasons for ruling that Mr. Armand did not demonstrate that Ms. Armand had notice of the bankruptcy proceedings and, therefore, "any obligation owed to Wife by Husband due to a community property settlement is not discharged in bankruptcy and is not affected by his bankruptcy proceeding."

Thereafter, Mr. Armand filed his own detailed descriptive list disputing Ms. Armand's reimbursement claim and asserting that, because of his payments made in bankruptcy toward the one-time community debt, he was owed $64,500.00 from her. Both parties disputed the valuations submitted.

Following an April 2012 traversal hearing, the trial court denied Ms. Armand's reimbursement claim, finding that:

> For purposes of brevity, the detailed descriptive lists will not be reiterated herein. A complete review of the record, transcripts and exhibits of the last appr[oximately] 10 years of litigation establishes the following: Ms. Armand left the marriage with appr[oximately] $56,000 in assets, free & clear. Mr. Armand completed a bankruptcy, and via that bankruptcy paid approximately $65,000 to creditors, and was discharged. Ms. Armand benefitted from that discharge. Mr. Armand thereafter re-affirmed the home debt, but at 67 years of age, he is burdened with appr[oximately] $80,000 debt, via several mortgages, including the house note and a significant portion of credit card debt. Although Ms. Armand has a <u>legal</u> claim to some portion of the liquid community, there isn't anything to satisfy any said claim, i.e., Ms. Armand has a legal claim to a previous community that went bankrupt, and is worth $0.
>
> Thus, neither party is awarded any assets via the former community of acquets and gains. Each party to bear his/her own court costs.

Ms. Armand appeals, assigning the following as error:

> 1.    The Trial Court erred in holding that the community was now valued at zero due to the bankruptcy, thus eliminating any legal claim held by the former spouse, creditor.
>
> 2.    The Trial Court erred in failing to hold the possessor spouse with an obligation to care for the assets based upon his fiduciary duty as a possessor of assets of the former community.
>
> 3.    The Trial Court erred in failing to grant to the claimant, former spouse, an amount of her legal claim against the former community estate.

In his appellee's brief, Mr. Armand asserts that the trial court erred in denying his exceptions of no right of action and no cause of action given its determination that he received a discharge in bankruptcy.

## Discussion

*Louisiana Revised Statutes* 9:2801

This matter was presented to the trial court for a hearing on the parties' traverses pursuant to La.R.S. 9:2801, which provides in pertinent part:

> [A(2)] . . . At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.

La.R.S. 9:2801(A)(4) further provides that, in partitioning the community, the trial court shall do so as follows:

> (a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.

> (b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.

> (c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.

> (d) In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.

3

On appeal, a trial court's factual findings as to valuation and distribution of assets under La.R.S. 9:2801 are subject to an abuse of discretion standard of review. *See Blanchard v. Blanchard*, 97-2305 (La. 1/20/99), 731 So.2d 175. *See also Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234.

*Bankruptcy – Record on Appeal*

Ms. Armand first questions the trial court's reliance on Mr. Armand's 2005 bankruptcy in concluding that the former community had no value. As she did at the trial court level, Ms. Armand contends that she did not have notice of the pending bankruptcy petition and, therefore, she could not be released as a creditor. In her brief, she makes pointed and specific references to various assets purportedly listed in the bankruptcy petition, seemingly challenging both their classification as community assets and the valuation thereof.

Despite Ms. Armand's assignment of error and the parties' respective extensive arguments regarding the bankruptcy at the hearing, the record lacks evidence of the bankruptcy. In fact, the record on appeal lacks any exhibits entered into evidence below. Reference to the transcript reveals that the parties suggested that various exhibits and transcripts from the parties' multi-year litigation would be filed into the record. For example, after the parties and the trial court discussed the need for filing post-hearing memoranda, the following colloquy occurred:

> BY THE COURT:
> Now, it's no use we rush on this cause I got to have the old record pulled, because I know that we had some hearings on property.
>
> BY MR. RIDDLE [Counsel for Ms. Armand]:
> Right. And Your Honor, the hearings evidence may not actually be in the suit record.

4

BY THE COURT:
Right, right.

BY MR. RIDDLE:
And let's both agree now that if the bankruptcy is not in the evidence and not in the file that we'll provide you with another copy. But I think it's in the evidence record.

BY THE COURT:
I think it is and then I think some matters went up on writs or appeals. So, there might be some transcripts too I'm hoping. Did anybody ever appeal?

BY MR. RIDDLE:
No. No, we didn't. We didn't because we . . .

BY MR. MANUEL:
Reserved our right to . . .

BY MR. RIDDLE:
Yeah. He reserved his right to bring up the issue of notice, but I think that that's been admitted to. There was no notice.

BY THE COURT:
Okay.

BY MR. RIDDLE:
He just said he didn't even know where she was.

BY MR. MANUEL:
No, no. What I'm getting at . . .

BY MR. RIDDLE:
Put that in your memorandum.

BY MR. MANUEL:
What I'm getting at is my right legally doesn't change.

Despite the statements regarding additional evidentiary filings, the appellate record lacks documentation beyond the parties' descriptive lists and Ms. Armand's subsequent traversal. There is no indication that supplemental filings were made after the trial.

Yet, both parties reference the bankruptcy petition in their arguments to this brief, citing to a copy of that petition attached to Ms. Armand's brief rather than to

5

the record on appeal. Additionally, Mr. Armand's appellee's brief includes a document entitled "Second Modified Chapter 13 Plan" which he asserts reveals that Ms. Armand received notice of the bankruptcy at least to some extent.

However, as it is not a court of record, an appellate court does not review evidence that is not in the appellate record nor does it receive new evidence. *Denoux v. Vessel Management Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84. Rather, Louisiana Code of Civil Procedure Article 2164 provides that an "appellate court shall render any judgment . . . *upon the record on appeal.*" (Emphasis added.) Accordingly, we do not consider the attachments to the parties' briefs insofar as they were not otherwise introduced into the record. We also note that the parties do not explain this deficiency in the appellate record.

Although matters on appeal are, at times, remanded for the introduction of additional evidence, the supreme court has remarked that "this power must be exercised sparingly, limited to cases wherein the evidence was unobtainable with due diligence for the first trial and the record reflects that the new evidence is likely to affect the outcome of the case." *Campbell v. Melton*, 01-2578, p. 14 (La. 5/14/02), 817 So.2d 69, 79. The present case is clearly one in which the introduction of all evidence relied upon by the parties was within the control of the parties. Seemingly, the transcript above indicates that the parties were aware that the filing discussed extensively at trial was possibly not otherwise contained within the record.

Insofar as this evidence was central to the hearing below, we consider such evidence necessary for appellate review of the issues now raised by the parties. Certainly, "[t]he inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee." *Alexander v. Parish of*

*St. John the Baptist*, 09-840, p. 9 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1005, *writ denied*, 10-1289 (La. 9/17/10), 45 So.3d 1056. In such a situation, an appellate court may apply the presumption that the trial court's judgment is otherwise supported by sufficient evidence and correct. *Id.*

However, and despite the deficiency in the present record, we are unable to find that the trial court's judgment is presumptively correct. Rather, it seems that the trial court's judgment is patently deficient under La.R.S. 9:2801 so as to preclude a meaningful review. As set forth above, La.R.S. 9:2801(A)(4) requires that, upon a traversal of the parties' detailed descriptive lists, the trial court is required to take certain delineated steps in partitioning the community (after valuation of assets at the time of trial and determination of the liabilities) and in thereafter allocating assets and liabilities or ordering an equalizing payment. However, the reasons for ruling in this case do not include a basis for its general determination regarding the assets attributed to Ms. Armand nor do the reasons reveal specific findings regarding the community obligations it concluded were discharged by the bankruptcy proceedings or its ultimate conclusion that the previous community "went bankrupt, and is worth $0." We point out that, in addition to the record's lack of the bankruptcy documentation, a bankruptcy only discharges debt and does not extinguish one's interest in property. *See, e.g., Mundell v. Mundell*, 03-631 (La.App. 3 Cir. 11/5/03), 858 So.2d 768.

Given these deficiencies, which prohibit a meaningful review for abuse of discretion and which preclude a de novo review in light of supporting documentation, we find that it is appropriate to vacate the judgment of the trial court and remand for a new trial on the partition of the community property to be

7

made in accordance with La.R.S. 9:2801. *See, e.g., Goutierrez v. Goutierrez*, 09-1360 (La.App. 3 Cir. 4/7/10), 34 So.3d 1058.

Ms. Armand's remaining assignments of error are rendered moot by this determination.

*Exceptions of No Cause of Action and No Right of Action*

With regard to Mr. Armand's assertion that the trial court erred in failing to grant his exceptions of no right of action and no cause of action, we note that his arguments rely upon the bankruptcy documentation noted to be absent above. Additionally, Mr. Armand neither filed an appeal in this matter nor answered the appeal. Accordingly, we do not address Mr. Armand's argument further.

## DECREE

For the foregoing reasons, the trial court's judgment is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this proceeding are assessed equally to the parties, Carrol Falgout Armand and Donald Armand.

**JUDGMENT VACATED AND REMANDED.**