NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-898

CHRISTOPHER A. BUXTON

VERSUS

DANA SAYS BUXTON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-1995
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

Genovese, J., concurs in part, dissents in part, and assigns written reasons.

AMENDED AND AFFIRMED AS AMENDED.

Dennis R. Sumpter
Sumpter Law Offices, APLC
1003 South Huntington Street
Sulphur, LA 70663
(337) 527-5278
COUNSEL FOR PLAINTIFF-APPELLANT:
    Christopher A. Buxton

**Mark M. Judson**
**The Southwest Louisiana Law Center**
**1011 Lakeshore Dr., Suite 402**
**Lake Charles, LA 70601**
**(337) 436-3308**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Dana Says Buxton**

**PICKETT, Judge.**

Christopher A. Buxton appeals the trial court's judgment partitioning the community of acquets and gains that existed between him and his former wife, Dana Says Buxton. Christopher contends the trial court erred in designating certain property as community property, disallowing credits or reimbursements sought by him, valuing or failing to value property awarded to the parties, and awarding Dana reimbursement of debts that were not proven to be community debts. For the following reasons, we amend and affirm, as amended, the trial court's judgment.

## FACTS

Christopher and Dana were married in 2001. Christopher filed for divorce in early 2008, and in September 2008, a judgment terminating the community of acquets and gains previously existing between the parties as of April 7, 2008, was granted. The parties were divorced in 2009 but could not amicably partition their property. After a trial held February 14, 2013, the trial court issued a judgment partitioning those community property assets and liabilities which the parties could not partition amicably. Christopher filed this appeal.

## ASSIGNMENTS OF ERROR

Christopher assigns six errors with the trial court's judgment:

1. The trial court erred when it awarded the bumper pull trailer to him at a value of $400.00.

2. The trial court erred when it disallowed his 401k plan loan for $6,911.38 and gave him credit therefor.

3. The trial court erred when it disallowed reimbursements to him on the Kubota.

4. The trial court erred when it awarded the Honda Pilot as an asset to Dana without assigning it a value.

5.    The trial court erred when it allowed all of the Cesi payments to be reimbursed to Dana without proof that they were all community debts.

6.    The trial court erred when it disallowed reimbursements to both parties for separate funds put into the community.

## DISCUSSION

We cannot reverse a trial court's factual findings regarding the valuation and distribution of community property pursuant to La.R.S. 9:2801, unless the trial court committed an abuse of discretion in making those findings. *Armand v. Armand*, 12-1394 (La.App. 3 Cir. 4/3/13), 113 So.3d 1168.

**Bumper-Pull Trailer**

Christopher claims the bumper-pull trailer is owned by his father and is not community property. Christopher and Dana testified that the trailer was purchased during the marriage. Dana testified that Christopher purchased the trailer during the marriage. Christopher testified, however, that his father bought it for him. He also testified that he used the trailer after his father purchased it. Dana acknowledged that Christopher's father owned a trailer but testified that it was larger than the bumper-pull trailer.

Christopher claims the trial court erred in assigning the trailer to him. He urges that the presumption of La.Civ.Code art. 2340 that "[t]hings in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community" does not apply here. Christopher testified that he used the trailer after his father bought it and did not establish that he did not maintain it in his possession during the marriage. For these reasons, we cannot say the trial court abused its discretion in awarding the bumper-pull trailer to Christopher and assessing it a value of $400.00.

2

**401k Loan**

The trial court denied Christopher's claim for reimbursement of a $6,911.38 loan secured with his 401k account and assigned the debt to him because he failed to establish that the debt existed at the time of trial. Christopher complains that he proved the debt is a community debt; therefore, he should either get credit for paying it off, or it should be allocated to him. Christopher established that the loan was made in 2006 and that as of March 2008 the balance was $6,911.38. He testified that he paid the debt off but did not present other evidence showing that the debt was satisfied or that it existed at the time of the trial.

Pursuant to La.Civ.Code art. 2365, a spouse who uses his separate property, during or after the existence of the community property regime, to satisfy a community obligation is entitled to reimbursement for one-half of that amount. A party seeking reimbursement must prove that separate funds existed and were used to satisfy a community obligation. *Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234. When the debt exceeds $500.00, testimony alone is insufficient to prove a claim for reimbursement. Such claims require proof "by at least one witness and other corroborating circumstances." La.Civ.Code art. 1846; *Hatsfelt v. Hatsfelt*, 05-947 (La.App. 3 Cir. 2/1/06), 922 So.2d 732.

Christopher contends that Dana acknowledged the debt; therefore, he is entitled to be reimbursed for it. Dana acknowledged the debt was made to make a down payment on land they purchased during the marriage. She did not acknowledge, however, that the debt existed at the time of trial or that Christopher had paid off the debt.

Christopher established that the debt was a community debt, that it existed before the marriage terminated, and that the balance owed on March 8, 2008, was

$6,911.48. He did not establish that this debt still existed at trial. Christopher argues that because the trial court did not award him reimbursement for one-half of this debt, it should have been allocated to him. This argument fails to recognize that the debt could have been forgiven or reduced by the lender in which case he would receive a windfall. Accordingly, we find no abuse of discretion in the trial court's denial of Christopher's request for reimbursement of this debt and/or allocation of it to him.

**Visa Credit Card**

In this assignment of error, Christopher states the trial court erred "when it disallowed the reimbursements to [him] on the Kubota," but his argument on this assignment of error addresses "his Visa account" in the amount of $9,874.80. Review of the record shows that the Kubota and Visa account are not the same thing. Accordingly, we address this assignment of error by considering only the exhibit and testimony cited by Christopher in his argument to determine its merits.

Christopher testified that this debt was a community debt and that he is continuing to pay on it. The Visa statement he introduced to substantiate this debt shows the balance for which he seeks reimbursement; however, no clear date appears on the statement. Christopher testified that the date of the statement is "3/9/08." Dana questioned the validity of this claim, stating: "I thought it was paid off when we separated and he added that afterwards. It looks like a six to me in the date."

Christopher's testimony that this debt is a community debt with a $9,874.80 balance owed is not corroborated by the statement in evidence: the first five of the six numbers of the date are clearly "03/09/0," but the last number is illegible. Additionally, he did not present evidence that he made payments on the account

4

other than the one reflected on the statement in evidence. For these reasons, we find no abuse of discretion in the trial court's not allocating this debt to Christopher and not allowing his claim for reimbursement of this debt.

**Honda Pilot**

The trial court determined that a Honda Pilot, which Dana claimed was her separate property, was community property and assigned it to Dana, as requested by Christopher. The trial court did not assign a value to the Honda because Christopher did not introduce evidence establishing its value. Christopher contends the trial court erred in not assigning a value to the Pilot and seeks to have the issue remanded to the trial court for a new trial on this issue.

The partition of community property and settlement of claims arising from the co-ownership of former community property is governed by La.R.S. 9:2801, which provides, in pertinent part: "The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties." La.R.S. 9:2801(A)(4)(a).

The remand of an issue to the trial court for the introduction of evidence on a particular issue was recently addressed by this court in *Armand,* 113 So.3d at 1173, which explains:

> Although matters on appeal are, at times, remanded for the introduction of additional evidence, the supreme court has remarked that "this power must be exercised sparingly, limited to cases wherein the evidence was unobtainable with due diligence for the first trial and the record reflects that the new evidence is likely to affect the outcome of the case." *Campbell v. Melton*, 01-2578, p. 14 (La. 5/14/02), 817 So.2d 69, 79. The present case is clearly one in which the introduction of all evidence relied upon by the parties was within the control of the parties. . . .
>
> . . . Certainly, "[t]he inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee." *Alexander v. Parish of St. John the Baptist*, 09-840, p. 9

5

(La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1005, *writ denied*, 10-1289 (La. 9/17/10), 45 So.3d 1056. In such a situation, an appellate court may apply the presumption that the trial court's judgment is otherwise supported by sufficient evidence and correct. *Id.*

We consider this holding in conjunction with La.Code Civ.P. art. 2164 which provides that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Appellate courts have the authority to remand a case to the trial court for the introduction of additional evidence when such action is "necessary to reach a just decision and to prevent a miscarriage of justice." *Alex v. Rayne Concrete Serv.*, 05-1457, 05-2344, 05-2520, p. 23 (La. 1/26/07), 951 So.2d 138, 155.

Christopher's complaint on this assignment of error and the preceding assignments of error are a result of his failure to introduce sufficient evidence that was either readily available to him or obtainable by him to prove his claims. Unlike this courts' rulings in *Armand*, 113 So.3d 1168, and *Goutierriez v. Goutierrez,* 09-1360 (La.App. 3 Cir. 4/7/10), 34 So.3d 1058, cited by Christopher in support of his request for remand, the trial court's ruling here includes a basis for its determination of each claim submitted by the parties for consideration. For this reason, we find this is not a case in which an appellant's failure to build an adequate record for appellate review should operate to the detriment of the appellee. Accordingly, we find no abuse of discretion in the trial court's failure to assign a value to the Honda Pilot and deny Christopher's request to remand this issue to the trial court for a new trial.

**Cesi Payments**

Christopher complains that the trial court erred in awarding Dana reimbursement of all the payments she made on the Cesi account because she did

not prove they were all community debts. Finding "Chris[topher] acknowledged that Dana was entitled to reimbursement for the payments she made on this community debt," the trial court awarded Dana reimbursement of one-half of her payments which total $14,904.00.

Christopher argues that he acknowledged Dana consolidated some debts, but he did not acknowledge that the consolidated debts were community debts or that Dana was entitled to reimbursement. The record shows that after acknowledging that items 40, 41, and 42 on Dana's Detailed Descriptive List (DDL) were consolidated, counsel for Christopher stated: "We don't agree that she paid off community debts with all of the $21,581. So we've asked for balances as of the date that she transferred those debts." No more evidence on the Cesi debt was presented.

Documentation associated with the Cesi account includes a statement that reflects the account was opened May 29, 2009, and that the first payment was made on July 1, 2009. The Cesi statement shows payments were made to four accounts, two Chase Card Services accounts, a Discover account, and an HSBC Card Services account via the Cesi account.

Items 40 and 40A on Dana's DDL are identified as two Chase credit card accounts. A statement for Item 40, one Chase account, states a balance of $9,934.38 as of January 27, 2009. The only information for the second Chase account, identified as Item 40A on Dana's DDL, is this reference on the DDL: "$5000.00 as of 5-29-2009." No other documentation for this account is in evidence.

Item 41 is also a Chase account; it is listed on Dana's DDL as Amazon. A statement for this account with a $2,448.52 balance as of May 23, 2008, reflects

the account balance at the time the community terminated, April 7, 2008. Item 42 is the Discover account included in the Cesi consolidation. The only statement for this account is dated July 20, 2008. The previous balance shown on the statement is $4,048.62. The statement reflects new purchases of $143.83. Item 46C is an HSBC Mastercard account. The only statement for this account is dated August 4, 2009; it reflects a previous balance of $917.54, and a current balance of $885.08.

Contrary to the trial court's findings, Christopher did not acknowledge that the debts included in Dana's Cesi debt consolidation were community obligations or that the amounts consolidated were accurate. As discussed above, because the credit card debt for which Dana seeks reimbursement exceeds $500.00, her testimony alone is insufficient to prove her claim. La.Civ.Code art. 1846; *Hatsfelt*, 922 So.2d 732. Therefore, the trial court erred in awarding Dana reimbursement of one-half of the $14,094.00 in payments she made on the account prior to trial. The only debt shown to exist when the community terminated is the Chase Amazon account that had a balance of $2,448.52; accordingly, Dana is entitled to reimbursement of one-half that amount, $1,224.26.

Christopher states in brief that the trial court should not have allowed claims by Dana for reimbursement regarding a Victoria's Secret account and a Gap Visa account. The Cesi statements reflect that these debts were not included in Dana's debt consolidation, and the trial court dismissed these claims for lack of evidence. Therefore, Christopher's complaint lacks merit.

**Reimbursement for Use of Christopher's Separate Funds to Purchase Home**

In his last assignment of error, Christopher argues the trial court erred in disallowing his claim for reimbursement of separate funds he used to improve Dana's separate property. Christopher testified that he used money he inherited

from his mother's estate to build a home on property owned by Dana and that the home sold for $65,000.00; he seeks reimbursement of $38,000.00. Christopher did not present evidence showing that he inherited money from his mother's estate or used his separate fund funds to build a home on Dana's property. Nor did he present evidence concerning the value of Dana's property on which the house was built. Accordingly, Christopher did not prove this claim, and the trial court did not err in denying it.

## DISPOSITION

The judgment of the trial court is amended to award Dana reimbursement of $1,224.26, ½ of $2,448.52, rather than ½ of $14,904.00. The judgment is affirmed in all other respects. Court costs are assessed 75% to Christopher and 25% to Dana.

**AMENDED AND AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

CHRISTOPHER A. BUXTON

VERSUS

DANA SAYS BUXTON

**GENOVESE, J., concurs in part, dissents in part, and assigns the following reasons.**

I respectfully dissent from that portion of the majority opinion denying Christopher's request for a valuation of the Honda Pilot. As to the Honda Pilot, the trial court determined that it was community property and allocated it to Dana, as requested by Christopher. The problem comes in when the trial court failed to assign a value to the vehicle.

The Honda Pilot, being designated by the trial court as an asset of the community property, must be valued. Louisiana Revised Statutes 9:2801(A)(4)(a) specifically requires the trial court (not just the parties) to value the assets of the community. This, the trial court did not do. The trial court simply assigned the Honda Pilot to Dana without assigning a value to that asset.

Even assuming, arguendo, that Christopher failed to present proof of the value of the vehicle, there was, by stipulation of the parties, a loan on the vehicle. Therefore, there was at least some evidence of a valuation of the vehicle, i.e., the amount of the loan; thus, the vehicle had some value. The trial court is not permitted to simply make an allocation of an asset to a party in a community property partition without a concomitant valuation. In my view, the trial court erred in assigning the vehicle to Dana without assigning a value, which unjustly enriched her to Christopher's detriment. I would order a remand for the valuation

of the vehicle and a community property partition adjustment in accordance therewith. In all other aspects of the opinion, I concur with the majority's decision.