KLIEBERT, Chief Judge.
This is an action by plaintiffs, the Reverend John E. Sheriff and the Tabernacle Community Church, Inc., to recover $8,000.00 placed as a deposit to purchase real estate from defendant, Charles G. Jones, the property owner, J. E. Tallieu Real Estate, Inc., the property broker, and Vincent DeSalvo, the real estate agent. This debt was included in Mr. Jones’ bankruptcy estate from which he was discharged on December 4,1986. Thus, Jones moved for summary judgment which was granted. Plaintiffs appeal.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Kerwin v. Nu-way Const. Service, Inc., 451 So.2d 1193 (5th Cir.1984), writ denied 457 So.2d 11. The burden of proof is on the mover to establish there are no genuine issues of material fact and this burden is a great one, as only when reasonable minds must inevitably concur is summary judgment warranted, and any doubts should be resolved in favor of trial on the merits. Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (5th Cir.1986).
LSA-C.C.P. art. 967 provides:
Art. 967. Same; affidavits
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to *688 pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.
Plaintiffs contend supplemental interrogatories propounded to Jane E. Tallieu and Tallieu’s answers show Mr. Jones and Mr. DeSalvo told Tallieu the real estate transaction had been completed and that they were entitled to their respective portions of the deposit money. Therefore, plaintiffs contend, Jones committed a fraud bringing this matter under the exception to the bankruptcy stay provisions of 28 U.S.C. Section 157(b)(2)(G)[1] for personal injury tort or wrongful death claims.
Jones contends the debt has been both stayed from enforcement by the defendant’s filing for bankruptcy relief under Chapter 7 of Title 11, U.S.C. § 362[2] and *689 extinguished by the debtor’s discharge in bankruptcy granted December 4, 1986. 11 U.S.C. § 524.[3] Thus, the summary judgment was properly granted.
*690 Jones filed for bankruptcy and included plaintiffs and the debt made the subject of this action on his schedule of debts. Plaintiffs filed a COMPLAINT FOR DECLARATORY JUDGMENT with the bankruptcy court alleging the debt should not be discharged for the identical reasons stated in the action before us and that the proper forum to prove the allegations is the 24th Judicial District Court. The bankruptcy court dismissed plaintiffs’ complaint.
A bankruptcy discharge is conclusive on all parties and can only be set aside and reversed in direct proceedings. Bluthental v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390 (1908); General Protestant Orphans’ Home v. Ivey, 240 F.2d 239 (6th Cir.1956). In order to reverse Jones’ discharge in bankruptcy, this attack cannot be prosecuted in the state court. See id. It must proceed by direct attack in the bankruptcy court.
Accordingly, the trial court’s grant of summary judgment in Jones’ favor is affirmed.
AFFIRMED.

. 28 U.S.C. Section 157(b)(2)(0) provides in pertinent part:
“b(2) Core proceedings include, but are not limited to—
******
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship except personal injury tort or wrongful death claims.”

. 11 U.S.C. Section 362 provides:
§ 362. Automatic stay
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debt- or that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;
(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;
(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee’s rights and powers are subject to such perfection under section 546(b) of this title;
(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power;
(6) under subsection (a)(7) of this section, of the setoff of any mutual debt and claim that are commodity futures contracts, forward commodity contracts, leverage transactions, options, warrants, rights to purchase or sell commodity futures contracts or securities, or options to purchase or sell commodities or securities;
(7) under subsection (a) of this section, of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by said Secretary is insured or was formerly insured, under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or
(8) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency.
(c)Except as provided in subsections (d),
(e), and (f) of this section—
(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
*689 (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; and
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
(e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—
(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section; and
(2) such final hearing shall be commenced within thirty days after such preliminary hearing.
(f) The court, without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.
(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
(1) the party requesting such relief has the burden of proof on the issue of the debtor’s equity in property; and
(2) the party opposing such relief has the burden of proof on all other issues.
Pub.L. 95-598, Nov. 6, 1978, 92 Stat. 2570.

. 11 U.S.C. Section 524 provides:
§ 524. Effect of discharge
(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1128(a)(1), or 1328(c)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor’s spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.
(b) Subsection (a)(3) of this section does not apply if—
(1)(A) the debtor’s spouse is a debtor in a case under this title, or a bankrupt or a debtor in a case under the Bankruptcy Act, commenced within six years of the date of the filing of the petition in the case concerning the debtor; and
(B) the court does not grant the debtor’s spouse a discharge in such case concerning the debtor’s spouse; or
(2)(A) the court would not grant the debt- or’s spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and
(B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether a debtor is granted a discharge.
(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable *690 under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—
(A) represents a fully informed and voluntary agreement by the debtor; and
(B) does not impose an undue hardship on the debtor or a dependent of the debtor;
(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of recission to the holder of such claim;
(5) the provisions of subsection (d) of this section have been complied with; and
(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
(ii) in the best interest of the debtor.
(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.
(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, 1128, or 1328 of this title, the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall—
(1) inform the debtor—
(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and
(B) of the legal effect and consequences of—
(1) an agreement of the kind specified in subsection (c) of this section; and
(ii) a default under such an agreement;
(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.
(e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.
(f) Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt.