STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-631

PAUL MUNDELL, JR.

VERSUS

SUSANN E. ORTEGA MUNDELL

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-98-020
HONORABLE JOEL GERARD DAVIS, DISTRICT COURT JUDGE

**********

ULYSSES GENE THIBODEAUX
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

REVERSED AND REMANDED.

Field Vernon Gremillion III
P. O. Box 731
Alexandria, LA 71309
Telephone: (318) 445-6021
COUNSEL FOR:
    Plaintiff/Appellee - Paul Mundell, Jr.

Kathleen Morrissey Delaney
Austin Law Firm
1531 Hodges Street
Lake Charles, LA 70601
Telephone: (337) 433-5767
COUNSEL FOR:
    Defendant/Appellant - Susann E. Ortega Mundell

**Ronald J. Bertrand**
**714 Kirby Street**
**Lake Charles, LA 70601**
**Telephone:  (337) 436-2541**
**COUNSEL FOR:**
     **Defendant/Appellant - Susann E. Ortega Mundell**

THIBODEAUX, Judge.

In this community property case, Susann E. Mundell appeals the trial court's judgment granting Paul Mundell's peremptory exception of res judicata to her petition to partition community assets. After their divorce, each party filed separate bankruptcy proceedings and listed each other as a creditor with respect to the existing community property. The trial court ruled that Mrs. Mundell waived her right to pursue her claims outside of Mr. Mundell's bankruptcy proceeding and that the debtor-creditor relationship between the parties regarding their respective assets and liabilities were litigated and determined by the bankruptcy proceedings. We disagree and reverse and remand to the trial court for a trial on the community property partition.

## I.

## ISSUE

We must decide whether the trial court erred in granting Mr. Mundell's peremptory exception of res judicata.

## II.

## FACTS

Appellant, Susann E. Mundell, and appellee, Paul Mundell, Jr., were divorced by judgment dated April 30, 1998. In November 1998, each party filed separate Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Western District of Louisiana. In their individual petitions, each party listed the other as a creditor and listed the properties which are the subject of Mrs. Mundell's action to partition. Mr. and Mrs. Mundell were both discharged as debtors in their respective bankruptcy proceedings in February 1999. The properties listed in their

1

bankruptcy proceedings were abandoned pursuant to 11 U.S.C. § 554 upon the closing of their respective bankruptcy cases.

On May 17, 2001, Mrs. Mundell filed a Petition for Judicial Partition of Community Property. In response, Mr. Mundell filed exceptions of no right of action and res judicata. The trial court granted the res judicata exception and determined the exception of no right of action to be moot. Thereafter, this appeal was filed.

III.

## LAW AND DISCUSSION

Louisiana Revised Statutes 13:4231 sets forth the requirements for res judicata:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

"The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata." *Ins. Assocs., Inc. v. Francis Camel Const., Inc.*, 95-1955, p. 3 (La.App. 1 Cir. 5/10/96), 673 So.2d 687, 689. The concept should be

2

rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. *Tate v. Prewitt*, 33,895 (La.App. 2 Cir. 9/27/00), 769 So.2d 800, *writ denied*, 00-3203 (La. 1/26/01), 781 So.2d 1265.

In this case, Mr. Mundell contends that the division of the property in question has been determined by the bankruptcy court and that Mrs. Mundell is barred from bringing an action for partition of community property because of res judicata. As the pleader of res judicata, Mr. Mundell has the burden of proving that the issue of ownership of the property has been previously adjudicated.

Under La.R.S. 13:4231(3), res judicata applies if the issue was "actually litigated." "Under this civilian theory of res judicata, 'only matters actually litigated and finally adjudged may not be contradicted later.'" *Patin v. Patin*, 00-0969, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 673, 676 (citing *Ebey v. Harvill*, 26,373, p. 2 (La.App. 2 Cir. 12/7/94), 647 So.2d 461, 463).

The trial court's ruling stated:

> The Judgments of the Bankruptcy Court are now final judgments. Each of the assets were listed in the plaintiff's bankruptcy petition. The defendant's claim to those assets was listed as a claim of a creditor in the plaintiff's bankruptcy. Further, the defendant has not contradicted the plaintiff's claim that she was served with the bankruptcy petition and was made aware that he intended to claim her as creditor. As such, giving full faith and credit to the Bankruptcy Court's discharge in the plaintiff's bankruptcy, the Court is constrained to find that the defendant waived her right to pursue these claims outside the plaintiff's bankruptcy proceedings. Indeed, the debtor-creditor relationship between the parties regarding their respected assets and liabilities were litigated and determined in the bankruptcy proceeding.

In essence, the trial court ruled that the parties "litigated" their rights with regard to the property by listing them in their respective bankruptcy proceedings and when the bankruptcy court discharged the debts of Mr. Mundell, Mrs. Mundell's rights in any property were also discharged. Mrs. Mundell argues that only debt, but not property,

3

can be discharged by bankruptcy proceedings. Mrs. Mundell is correct in her contention that an interest in property is not dischargeable in bankruptcy. A discharge in bankruptcy discharges debts. 11 U.S.C. § 524(a)(1). A "debt" means a liability on a claim. 11 U.S.C. § 101(12). A "claim" means a right to payment, or a right to an equitable remedy. 11 U.S.C. § 101(5). A discharge extinguishes rights to payment. It does not extinguish interest in property. *See In re Granados*, 214 B.R. 241 (Bankr. E.D. Cal. 1997); *In re Gendreau*, 122 F.3d 815 (9th Cir. 1997); *In re Chandler*, 805 F.2d 555 (5th Cir. 1986). The purpose of the bankruptcy proceeding was to discharge the debtor, Mr. Mundell, of any debts he owed and not to divide the community property. Thus, the bankruptcy court could not have litigated the division of community property.

Furthermore, the bankruptcy court also "abandoned" the property. "Abandonment" of property of the estate is defined in Section 554 of the United States Bankruptcy Code as follows:

> (a) After giving notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

Mrs. Mundell argues that the effect of the abandonment was that the assets listed in their respective bankruptcy proceedings reverted unto each of them

4

upon the close of their respective bankruptcy cases. After abandonment, the property reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed. *In re Dewsnup*, 908 F.2d 588 (10th Cir. 1990). *See also Brown v. O'Keefe*, 300 U.S. 598, 57 S.Ct. 543 (1937); *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392 (9th Cir. 1964). Following abandonment, "whoever had the possessory right to the property at the filing of bankruptcy again reacquires that right." *See In re Dewsnup*, 87 B.R. 676, 681 (Bankr.D.Utah. 1988). Thus, after each bankruptcy court abandoned the property, the parties were put in the same position as if the bankruptcy was never filed. Before the filing of the bankruptcy proceedings, the parties were divorced. Under La.Civ.Code art. 2369.8, a spouse has the right to demand partition of former community property at any time. A contrary agreement is absolutely null. If the spouses are unable to agree on the partition, either spouse may demand judicial partition which shall be conducted in accordance with La.R.S. 9:2801(A) which provides:

> When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules: . . . .

The bankruptcy court only discharged Mr. Mundell of his debts. The parties did not litigate the issue of partition, nor did the bankruptcy court partition the community property. Furthermore, the abandonment of the property by the bankruptcy court reverts the property back to Mr. Mundell and places him in the same position as if a bankruptcy was never filed. Thus, Mrs. Mundell is able to proceed

5

with her action to partition the community property. Res Judicata does not apply to the facts of this case.

## IV.

## CONCLUSION

For the reasons assigned, the judgment appealed from is reversed. The case is remanded to the trial court for a trial on the community property partition.

**REVERSED AND REMANDED.**