STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


15-274



CARROL FALGOUT ARMAND

VERSUS

DONALD R. ARMAND



**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-3645-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT
JUDGE**

**********



Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and David K. Savoie, Judges.



**REVERSED.**



**Charles A. Riddle, III**
**Post Office Box 608, 208 E. Mark Street**
**Marksville, LA 71351-0608**
**(318) 240-7217**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Carrol Falgout Armand**

**Keith Manuel**
**Attorney At Law**
**115 East Ogden Street**
**Marksville, LA 71351**
**(318) 253-5126**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Donald R. Armand**

**PICKETT, Judge.**

This appeal arises from a proceeding to partition community property. The defendant ex-husband appeals the trial court's denial of his exception of no right of action and no cause of action and award to his ex-wife of $20,000 in reimbursement claims. We reverse the judgment of the trial court.

## FACTS

Donald Armand and Carrol Falgout married in 1997 and divorced in January 2003. In February 2003, Carrol filed a Petition for Partition of Community Property. In 2005, Donald filed a Chapter 13 Voluntary Petition for Bankruptcy. He did not list Carrol as a creditor in his Petition. Donald's Chapter 13 Plan was confirmed in November 2005.

Donald amended his Chapter 13 Plan in 2010. In conjunction with the amended plan, he filed an Amended Schedule F that listed creditors holding unsecured nonpriority claims. He listed Carrol as a creditor and provided for her to be served with notice of his amended Chapter 13 Plan through Andrea D. Aymond, Attorney, P. O. Box 608, Marksville, Louisiana 71351. Thereafter, on October 21, 2010, Donald was granted a discharge in his bankruptcy proceeding.

Carrol filed a Sworn Detailed Descriptive List in this proceeding in December 2010. Donald filed exceptions of no right of action and no cause of action, asserting Carrol had no cause and no right of action to proceed against him. Donald argued that because (1) he had listed Carrol as a creditor in his bankruptcy proceeding, (2) the property listed in the Sworn Detailed Descriptive List constituted property of his bankruptcy debtor's estate, and (3) he had been granted a discharge in bankruptcy, Carrol had no right and/or cause of action to proceed with her claims against him. He also asserted that proceeding to partition the

community property would violate the automatic stay issued in his bankruptcy proceeding because Carrol had not obtained an authorized release of the stay.

After a hearing on Donald's exceptions, the trial court concluded that his bankruptcy proceeding had no effect on Carrol because Donald had not listed her as a creditor in his bankruptcy. Donald then filed a Sworn Detailed Descriptive List. A traversal hearing on the parties' Detailed Descriptive Lists was held. After the hearing, the trial court determined that while Carrol had a legal claim for a portion of the community property, her claim had no value because of Donald's discharge in his bankruptcy proceeding.

Carrol appealed. On appeal, another panel of this court vacated the judgment of the trial court and remanded the matter for further proceedings because the bankruptcy filings referenced by Carrol in her appeal and by both parties in the proceeding before the trial court were not contained in the appeal record. *Armand v. Armand*, 12-1394 (La.App. 3 Cir. 4/3/13), 113 So.3d 1168.

On remand, the trial court held another trial at which the parties introduced the filings from Donald's bankruptcy into evidence. The parties also stipulated that Donald's bankruptcy filings and the evidence from the prior trial was the only additional evidence to be considered by the trial court.

After reviewing the evidence, the trial court concluded that Carrol had received notice of Donald's bankruptcy. The trial court then addressed each of Carrol's claims for reimbursement and determined that her claims were excepted from Donald's bankruptcy proceeding because they fell within an exception set forth in 11 U.S.C.A. § 523. The trial court awarded Carrol $20,000 in reimbursement claims for separate funds she used to pay a community debt and community funds used to pay a separate debt owed by Donald. Donald reurged his

2

exceptions of no right of action and no cause of action, but the trial court denied

them as moot.

Donald appealed the trial court's judgment. He assigns the following

assignments of error:

1. In both judgments, the trial court erred in failing to find that [Donald's] discharge in bankruptcy precludes [Carrol's] claims for reimbursement.

2. In both judgments, the trial court erred in denying [Donald's] exceptions of no cause of action and no right of action.

3. In the judgment from which the instant appeal is taken, the trial court erred in failing or refusing to apply the standard mandated by La.R.S. 9:2801(A)(4).

## DISCUSSION

### *The Effect of Donald's Discharge in Bankruptcy on Carrol's Claims*

In his exception, Donald urged that Carrol's claims against him were

discharged under Section 1328(a) of the Bankruptcy Code;[1] therefore, she could

not proceed with her claims against him. As the trial court noted in its Reasons

---

[1]The effects of a discharge in bankruptcy are set forth in 11 U.S.C.A. § 1328, which provides in pertinent part:

(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
(1) provided for under section 1322(b)(5);
(2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B),(1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);
(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; or
(4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

for Ruling issued after the second traversal hearing, Carrol was served with notice of Donald's bankruptcy through her attorney. That notice gave her the opportunity to object to the discharge of her claims against Donald. In the second hearing, Carrol's current attorney acknowledged that the attorney to whom the bankruptcy notice had been mailed was Carrol's former attorney and that the attorney had been employed in his office. Accordingly, the trial court correctly concluded that Carrol had notice of Donald's bankruptcy proceeding. Nonetheless, the trial court denied Donald's exceptions of no cause of action and no right of action as being moot.

In its Reasons for Ruling after the first traversal hearing, the trial court determined the merits of Carrol's claims for reimbursement applying bankruptcy law applicable to those claims. The trial court concluded that Carrol's claims were not dischargeable under 11 U.S.C.A. § 523(a)(15).[2] Under this exception, the debtor had to prove that: 1) he had no ability to pay the debt, and 2) discharging the debt would result in a benefit to the debtor that outweighed the detriment to the former spouse. *Id.* The trial court found that Donald failed to carry his burden of proof. The trial court did not reconsider this conclusion after the second traversal hearing was held on remand. Instead, it proceeded to determine the merits of

---

[2] When Donald's bankruptcy was pending, 11 U.S.C.A. § 523(a)(15) provided:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
. . . .
(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

4

Carrol's reimbursement claims and awarded her $20,000 against Donald.

Prior to 1970, state courts and bankruptcy courts had concurrent jurisdiction over bankruptcy claims. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205 (1979). In 1970, the Bankruptcy Act was amended to grant exclusive jurisdiction over all bankruptcy matters to the bankruptcy courts. 11 U.S.C.A. § 523(c). An attack on whether a debt can be discharged can only be prosecuted in the bankruptcy court. *Brown*, 442 U.S. 127. *See also Sheriff v. J.E. Tallieu Real Estate, Inc.*, 595 So.2d 686 (La.App. 5 Cir.), *writ denied*, 598 So.2d 357 (1992).

The purpose of bankruptcy is to discharge the debt of the debtor. 11 U.S.C.A. § 524(a)(1); *Mundell v. Mundell*, 03-631 (La.App. 3 Cir. 11/5/03), 858 So.2d 768. Therefore, a discharge in bankruptcy discharges debts and extinguishes rights to payment but does not affect a property owner's interest in property. *Id.* Accordingly, any community property remaining in Donald's possession at the time of the partition was subject to being partitioned between the parties. *Id.*

Ten years elapsed between the parties' divorce and the trial on the partition of the property. The community property Carrol claimed to be in Donald's possession could not be located. The parties enlisted the services of a notary public to perform a search for all community property. The notary reported that no community property was located. Therefore, the trial court correctly concluded there was no community property to partition.

The trial court proceeded, however, to consider Carrol's reimbursement claims and awarded her $20,000. Donald listed Carrol as a creditor in his bankruptcy, and she was provided notice of his bankruptcy. To have Donald's debt to her excepted from being discharged in his bankruptcy, Carrol had to bring a

5

direct action in the bankruptcy court. 11 U.S.C.A. § 523(c). She did not, and her debt was discharged. She could not proceed in the trial court to collect the debt, and the trial court erred in considering her claims and awarding her a judgment on debts that had been discharged in bankruptcy. Accordingly, the trial court's judgment awarding Carrol a money judgment against Donald is reversed.

Carrol argues in her reply brief that notice of Donald's bankruptcy sent to her former attorney who represented her in the domestic matter, not Donald's bankruptcy, did not satisfy due process requirements. She did not assign error with the trial court's finding of fact on this issue; therefore, we need not address this complaint. Uniform Rules, Courts of Appeal, Rule 1–3.

In the interest of justice, we note that Carrol's former attorney practiced with her current attorney, a principal in the firm currently representing Carrol. The record shows that no motion to withdraw was filed by the former attorney, indicating current counsel's representation of Carrol simultaneously followed former counsel's representation without break. There is no evidence that "former" counsel was dismissed by Carrol or notified Carrol that she no longer represented Carrol. Instead, the record shows that except for a period between June 2003 and June 2007, Carrol was represented by three attorneys employed by current counsel's firm and that notice was given to "former" counsel at the firm's mailing address which has been the same since Carrol's Petition for Divorce was filed. Accordingly, this argument lacks merit.

## DISPOSITION

For the reasons set forth herein, the judgment of the trial court is reversed.

All costs of this proceeding are assessed to Carrol Armand.

**REVERSED.**