HIGGINBOTHAM, J.
In this succession proceeding, the defendants appeal the trial court judgment denying their request to reopen the succession of their mother and dismissing their claims.
FACTS AND PROCEDURAL HISTORY
On December 10, 2016, Ms. Sandra Gabor Dale passed away. She was survived by her three children, Ms. Felicia Dale Baker, Mr. Christopher Roy Dale and Mr. Michael Anthony Dale. On February 6, 2017, her daughter, Ms. Baker, filed a "Petition for Probate and Appointment of Independent Executor," requesting that Ms. Dale's will prepared on January 13, 2014 (2014 will), which left the entirety of Ms. Dale's estate to Ms. Baker, be executed, and that she be appointed as independent executor of the succession. On February 21, 2017, Ms. Baker filed a "Petition for Possession," asking that she be recognized as the sole, universal legatee of Ms. Dale and put into possession of the full ownership of all property belonging to the succession of Ms. Dale. On February 22, 2017, a judgment of possession was signed, recognizing Ms. Baker as the sole heir and legatee under the terms of the 2014 will, putting Ms. Baker in possession of all property belonging to the succession, and terminating the administration of the succession.
On March 9, 2017, Mr. Christopher Dale and Mr. Michael Dale filed a "Petition for Temporary Restraining Order, and for Preliminary Injunction to Reopen the Succession and For Related Relief." In their petition, the Dales contended that the petition for possession should be declared null, *1034 and the succession should be reopened because Ms. Dale executed a second notarial will on October 11, 2016 (2016 will), which revoked and rescinded any prior wills and bequeathed the entirety of her estate to be divided equally among Mr. Christopher Dale, Mr. Michael Dale, and Ms. Baker. The Dales' petition was heard by the trial court on June 12, 2017. On that day, the only evidence introduced into the record was the 2016 will.
After the hearing the trial court signed a judgment on June 30, 2017, denying and dismissing all claims made by the Dales, including the request to reopen the succession. After the judgment was signed by the trial court, the Dales filed a motion for new trial asserting that the trial court erred in finding the 2016 will was an absolute nullity and, in the alternative, that even if the 2016 will was an absolute nullity for lack of form, it was still an authentic act that revoked all prior wills. Ms. Baker responded to the motion for new trial and raised the issue of Ms. Dale's testamentary capacity at the time of the 2016 will. The Dales' motion for new trial was denied by the trial court in a judgment signed on November 16, 2017. In well-considered written reasons for judgment, the trial court concluded that the 2016 will was absolutely null because the formalities prescribed for the execution of a notarial will under La. Civ. Code art. 1577 were not met. Specifically, the trial court found that although the 2016 will contained an attestation clause, it also contained a disclaimer from the notary stating that the notary did not prepare nor read the document and was attesting only to the authenticity of the signatures. The trial court concluded that the disclaimer nullified the declaration by the notary that it was the testator's will, as well as the declaration that the testator signed in the presence of the notary and two witnesses. It is from the judgment denying their motion for new trial that the Dales' appeal, assigning error to the trial court's findings that the 2016 will was not a valid notarial will and that the 2016 will was not a valid authentic act revoking all prior wills.[1]
LAW AND ANALYSIS
Louisiana Code of Civil Procedure article 3393(B) provides in pertinent part that: "[a]fter formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened...." Whether a succession may be reopened is within the sound discretion of the trial court depending upon circumstances peculiar to the individual case. See Danos v. Waterford Oil Co., 225 So.2d 708, 714 (La. App. 1st Cir.), writ refused, 254 La. 856, 227 So.2d 595 (1969). Courts have found "other proper cause" under La. Code Civ. P. art. 3393. to exist under extremely limited circumstances, such as where a valid will is discovered after the *1035 administration of a succession. Succession of McLendon, 383 So.2d 55, 58 (La. App. 2d Cir. 1980). (Emphasis added.) Thus, we must consider whether the 2016 will is valid giving proper cause to reopen the succession of Ms. Dale, and if not, whether the revocation clause can be considered a valid authentic act revoking all prior wills.
Louisiana Civil Code article 1577 addresses the requirements of form for a notarial testament and provides as follows:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of _______, _____."
In order to be valid as to form, (1) the testatrix must declare or signify in the presence of a notary and two witnesses that the instrument is his last will and testament; (2) the testatrix must sign his name at the end of the testament and on each separate page; and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testatrix attesting that the formalities of Article 1577(1) have been followed. In re Succession of Siverd, 2008-2383, 2008-2384 (La. App. 1st Cir. 9/11/09), 24 So.3d 228, 230. The primary purpose of the statute authorizing this type of will is to afford a simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. In re Succession of Richardson, 2005-0552 (La. App. 1st Cir. 3/24/06), 934 So.2d 749, 751. writ denied, 2006-0896 (La. 6/2/06), 929 So.2d 1265.
Moreover, although the intention of the testator as expressed in the testament must govern, the intent to make a testament, although clearly stated or proved, will be ineffectual unless the execution thereof complies with codal requirements. In re Succession of Hendricks, 2008-1914 (La. App. 1st Cir. 9/23/09), 28 So.3d 1057, 1060, writ not considered, 2010-0480 (La. 3/26/10), 29 So.3d 1256. The Civil Code provides in no uncertain terms that "[t]he formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." La. Civ. Code art. 1573. A material deviation from the manner of execution prescribed by the code will be fatal to the validity of the testament. In re Succession of Hendricks, 28 So.3d at 1060. Nevertheless, while a material deviation from the manner of execution prescribed by Article 1577 will be fatal to the validity of the testament, the form of the attestation clause is not absolute. See In re Succession of Holbrook, 2013-1181 (La. 1/28/14), 144 So.3d 845, 851. Thus, as long as the attestation clause in the will substantially complies with the requisites mentioned in Article 1577, the attestation clause will be sufficient. Id. at 852.
Ms. Dale's 2016 will contains a clause stating, "The Testatrix has signed this one page will and declared or signified in our presence [t]hat it is her last Will and Testament and in the presence of the testatrix and each other we have hereunto subscribed our names at Baton Rouge, Louisiana *1036 [t]his 11th day of October, 2016." Under the clause two witnesses as well as a notary signed the will. The attestation clause alone would comply with Article 1577 ; however, next to the notary's name, there is a disclaimer stating that "[t]he notary has neither prepared nor read this document and is solely attesting to the authenticity of the signatures affixed hereto." This disclaimer clearly conflicts with the attestation clause and nullifies two of the requirements for a valid notarial will. First, if the notary is only attesting to the authenticity of the signatures, it is no longer clear that the testator declared in the presence of the notary and two witnesses that the instrument was her last will and testament. Secondly, the disclaimer nullifies the declaration that the document was signed in the presence of the testator and each other. These deviations from the required testamentary form are significant and material, and, therefore, we agree with the decision of the trial court that the 2016 will does not substantially comply with La. Civ. Code art. 1577.[2] Therefore, the 2016 will is an absolute nullity and does not constitute "other proper cause" to reopen Ms. Dale's succession.
After the parties appealed the decision of the trial court, the supreme court directly addressed the issue of whether a revocation clause, contained within a notarial testament that was found to be void, could be valid as an authentic act to revoke a prior testament. In Succession of Harlan, 2017-1132 (La. 5/1/18), 250 So.3d 220, the supreme court concluded that a juridical act formulated as a last will and testament, which does not substantially comply with the formalities set forth in La. Civ. Code arts. 1574 - 1580.1, prescribing the requisite formalities for olographic and notarial testaments, is absolutely null and void ab initio, and can have no effect of any sort. Thus, a revocation clause in an absolutely null testament, which otherwise meets the requirements for an authentic act, cannot constitute a valid and effective revocation of prior wills. Id. As we have found the 2016 will to be void, under Harlan , the 2016 will is of no effect and cannot constitute a revocation of all prior wills.
Having found no merit to the assignment of error raised by the Dales, we affirm the judgment of the trial court denying their request to reopen the succession and dismissing all of their claims.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed against appellants, Mr. Christopher Roy Dale and Mr. Michael Anthony Dale.
AFFIRMED.

Preliminarily, we observe that "[t]he established rule in this circuit is that the denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm." Pittman v. Pittman, 2001-2528 (La. App. 1st Cir. 12/20/02), 836 So.2d 369, 372, writ denied, 2003-1365 (La. 9/19/03), 853 So.2d 642. Even so, we note that "the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case."Carpenter v. Hannan, 2001-0467 (La. App. 1st Cir. 3/28/02), 818 So.2d 226, 228-29, writ denied, 2002-1707 (La. 10/25/02), 827 So.2d 1153. Accordingly, we consider the Dales' appeal as an appeal on the merits of the underlying judgment.

Ms. Dale's testamentary capacity during the signing of the 2016 will, because of her failing physical and mental health, was raised in defense to the Dales' petition and motion for new trial. The trial court did not reach that issue finding the 2016 will was void on its face.