NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-185

SUCCESSION OF
CLARENCE WALKER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 43,555
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Andree Braud Leddy**
**Zebulon M. Winstead**
**Crowell & Owens, LLC**
**3416 North Boulevard**
**Alexandria, LA   71301**
**(318) 445-1488**
**COUNSEL FOR APPELLANT:**
    **Joan Robertson**

**Michael H. Davis**
**2017 MacArthur Drive, Building 4, Suite A**
**Alexandria, LA   71301**
**(318) 445-3621**
**COUNSEL FOR APPELLEES:**
    **Gary Mitchell**
    **Sheila Mitchell Johnson**

**PERRET, Judge.**

Appellant, Joan Robertson, appeals the trial court's judgment granting Appellees' Exception of Res Judicata and dismissing Appellant's objection to the probate of The Last Will and Testament of Clarence Walker dated June 15, 2016. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

This case involves two wills executed by the deceased, Clarence Walker: the 2016 Will and the 2017 Will. Pertinent to this case, the 2017 Will contained a clause revoking all prior wills and testaments. The additional facts of this case were set forth in a prior appeal as follows:

> Clarence Walker died on June 14, 2017, in Torrance, California. His wife, Virginia Walker, predeceased him, and there were no children born of the marriage. Clarence had children prior to his marriage - a daughter, Joan Robertson ["Robertson"], and a son, Paul Davis. Gary Mitchell and Sheila Mitchell Johnson ["the Mitchells"] are the children of Virginia Walker's sister. They grew up in the Walker home and were raised primarily by Clarence and Virginia.
>
> Joan Robertson filed a Petition for Order of Effect of Probate and for Confirmation of Independent Executrix on June 29, 2017. The Petition states that Clarence Walker was a resident of Alexandria, Louisiana, when he died. The Last Will and Testament of Clarence Walker dated May 26, 2017, is attached to the petition. Joan Robertson is listed as Independent Executrix in the will, and she executed the oath of office, attaching it to the petition. In the will, Clarence made Joan Robertson his sole heir by stating that after funeral expenses, administrative expenses, and taxes are paid, "I devise and bequeath the remainder of my estate to my daughter, JOAN ROBERTSON." If she predeceases him, his estate would be passed to her "lawful issue," and if she dies without lawful issue, then it would go to his son, Paul Davis. The May 26, 2017 will was executed three weeks prior to Clarence Walker's death while he was hospitalized in California.
>
> . . . . An Order of Effect of Probate and Confirmation of Independent Executrix was signed by the trial court on June 29, 2017.

Gary Mitchell and Sheila Mitchell Johnson filed a Rule to Show Cause to Annul Probated Testament and Rule to Remove Independent Administratrix on July 11, 2017. Gary and Sheila allege that they are legatees of Clarence Walker under a will executed by Clarence on June 15, 2016, which they attached to the rule. Gary and Sheila further allege that the probated will dated May 26, 2017, is invalid because Clarence could not read and the will is not executed in the proper form for a person who cannot read, specifically, "the [w]ill failed to declare that the testament had been read aloud in the presence of the Notary and the witnesses, and further failed to declare that the witnesses followed such reading on copies of the testament, and that the Testator declared or signified that he heard the reading and that the instrument is his testament." They further allege that Clarence "lacked the testamentary capacity to make a [w]ill on May 26, 2017[,] due to his severe dementia and his terminal illness which rendered his mental capacity to such a state as to not know and be aware of his execution of the [w]ill on May 27, 2017." The rule also requests that Joan Robertson be removed as executrix because her appointment was based on an invalid testament, and she is not a resident or domiciliary of the State of Louisiana.

In addition to the rule, Gary and Sheila filed a Petition for Probate of Statutory Will and for Appointment of Independent Executrix, wherein they ask the trial court to probate the will dated June 15, 2016, and to appoint Sheila Mitchell Johnson as Independent Executrix. In the June 15, 2016 testament, Clarence leaves his estate to Gary, Sheila, Joan and Paul to share equally. This will was executed in Alexandria, Louisiana, one year, almost to the day, prior to Clarence's death.

The trial court signed an Order on July 13, 2017, ordering Joan Robertson to show cause why the May 26, 2017 testament should not be annulled and why Joan should not be removed as Independent Executrix. The matter was heard on October 16 and 17, 2017. The trial court took the matter under advisement and issued Written Reasons on November 30, 2017. Judgment was signed on December 20, 2017, with the trial court denying Gary and Sheila's rule to annul the probated May 26, 2017 will and the removal of the executrix. Gary and Sheila now appeal.

*Succession of Walker*, 18-447, pp. 1-3 (La.App. 3 Cir. 8/14/19), 279 So.3d 1030, 1031-32, (footnote omitted), *writ denied*, 19-1456 (La. 11/5/19) 281 So.3d 673.

2

In the 2018 appeal, this court considered whether the trial court erred by imposing a burden of proof beyond a reasonable doubt, instead of clear and convincing evidence, on the Mitchells in concluding that Clarence could not read. Additionally, in the 2018 appeal the Mitchells assigned as error the trial court's finding that the revocation clause contained in the 2017 Will was a valid authentic act. This court ultimately concluded that the trial court used the proper "clear and convincing evidence" burden of proof. As to the second assignment of error, this court did not directly answer the authentic act question, but rather determined that the trial court erred in finding the 2017 Will valid. After reviewing the evidence, this court concluded that Clarence could not read and, therefore, "the trial court manifestly erred in finding that The Last Will and Testament of Clarence Walker dated May 26, 2017, should not be nullified. . . . For the foregoing reasons, the judgment of the trial court is reversed." *Id.* at 1037.

Following this court's prior opinion and the supreme court's writ denial, the Mitchells moved to probate the 2016 Will. Robertson filed an objection to the probate and argued that, despite this court's finding that the 2017 Will was invalid, the 2017 Will still meets the requirements of an authentic act for purposes of revoking prior wills and testaments, citing La.Civ.Code art. 1607. In other words, Robertson argued that the 2017 Will, even though invalid as a testament, revokes the 2016 Will as an authentic act and Clarence's estate continues intestate.

The Mitchells filed a Peremptory Exception of Res Judicata in response and claimed that the authentic act issue had been raised and briefed to the trial court and appellate court; therefore, the appellate court's reversal was conclusive as to the authentic act issue. Robertson opposed, noting that because the trial court found the 2017 Will to be valid, the authentic act issue was never reached or decided by the

3

trial court. That is to say, the authentic act argument was made to the trial court as an alternative argument should the 2017 Will be found invalid. Robertson argued that although the third circuit reversed the trial court's finding, it did not opine on the separate authentic act issue. As no court had determined the authentic act issue, Robertson asserted res judicata would be improper.

The trial court granted the Mitchells' exception of res judicata and dismissed Robertson's objection to the probate of the 2016 Will. Robertson now appeals and attaches as an exhibit the prior appeal, docket number 18-447, as well as the 2018 appellate briefs. Robertson asserts one assignment of error: "The district court erred in granting the peremptory exception of *res judicata* when no court determined the issue of whether the revocation clause contained within the May 26, 2017 Testament was a valid, authentic act of revocation."

**DISCUSSION:**

"The res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Morales v. Par. of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672. However, factual issues relating to the exception are reviewed for manifest error. *Fogleman v. Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/26/11), 63 So.3d 995.

Louisiana Revised Statutes 13:4231 (emphasis added) contains the doctrine of res judicata:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1)    If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the

4

transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2)     If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3)     A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated **and determined** if its determination was essential to that judgment.

The supreme court has instructed that when res judicata is raised, courts must consider whether:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053.

Our courts have also explained that "[u]nder La.R.S. 13:4231(3), res judicata applies if the issue was 'actually litigated'" and that "'only matters actually litigated and finally adjudged may not be contradicted later.'" *Mundell v. Mundell*, 03-631, p. 3 (La.App. 3 Cir. 11/5/03), 858 So.2d 768, 770 (second clause quoting *Patin v. Patin*, 00-969, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 673, 676). Importantly, "If any doubt exists as to its application, the exception raising the objection of *res judicata* must be overruled and the second lawsuit maintained. The concept should be rejected when doubt exists as to whether a plaintiff[']s substantive rights actually have been previously addressed and finally resolved." *Pierrotti v. Johnson*, 11-1317, p. 9 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063 (citations omitted). The

5

burden of proving res judicata is on the party pleading the objection. *Mundell*, 858 So.2d 768.

With these concepts in mind, we review the merits of this case. Louisiana Civil Code Article 1607 details how a testament may be revoked:

> Revocation of an entire testament occurs when the testator does any of the following:
>
> (1)     Physically destroys the testament, or has it destroyed at his direction.
>
> (2)     So declares in one of the forms prescribed for testaments or in an authentic act.
>
> (3)     Identifies and clearly revokes the testament by a writing that is entirely written and signed by the testator in his own handwriting.

There is no doubt that the authentic act issue was raised and briefed at multiple stages throughout this litigation, including in the prior appeal. However, Robertson argues that the issue was never addressed, determined, or finally resolved, by a court as required by La.R.S. 13:4231(3). Robertson asserts that the authentic act argument "was raised as an alternative argument to the trial court should it have found the May 26, 2017 testament invalid." Robertson reasons that because the trial court upheld the 2017 Will as valid, the trial court did not reach the issue of whether the 2017 Will constituted an authentic act for purposes of revoking prior testaments, therefore, the issue was not "determined."

The trial court's judgment at issue in the prior appeal merely denied the Mitchells' Rule to Show Cause to Annual Probated Testament, Rule to Remove Independent Administratrix and Petition to Probate of Statutory Will and for Appointment of Independent Executrix. However, the 2017 Judgment states the denial was based on those reasons for ruling provided in the court's November 30, 2017 Written Reasons for Judgment. In those reasons, the trial court based its denial

6

on the Mitchells' failure to prove that Clarence Walker did not have the testamentary capacity to execute the 2017 Will and the court's subsequent finding that the 2017 Will was a valid notarial testament that revoked all prior wills and testaments. As noted by Robertson, the trial court's 2017 Judgment and written reasons never discuss, analyze, or make any findings regarding the document's ability to continue as an authentic act.

While the above may be the case, it is "well-settled that silence in a judgment of the trial court as to any issue, claim, or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied." *State v. Takeda Pharm. Am., Inc.*, 17-498, p. 7, n. 4 (La.App. 1 Cir. 10/3/18) (unpublished opinion)[1], *writ denied*, 18-1792 (La. 2/11/19), 263 So.3d 895. Although Robertson emphasizes that the authentic act issue was raised as an alternative argument, the above still applies. In fact, the *Takeda* court addressed this issue in a footnote, stating:

> We note that the trial court's September 19, 2016 judgment is silent with respect to the defendants' alternative motion for summary judgment. Ordinarily, since the trial court sustained an objection of no cause of action, an alternative motion for summary judgment would have been rendered moot. However, in this case, the judgment of the trial court did not provide that the alternative motion for summary judgment was moot, but rather, the judgment was silent as to that claim. . . . Accordingly we deem the silence in the trial court's judgment with respect to the defendants' alternative motion for summary judgment as a denial of that motion.

*Id*.

Similarly, the trial court in the current case did not specify in its 2017 Judgment that the authentic act issue was rendered moot by its finding that the 2017 Will was valid. Thus, the court's silence on the issue is deemed a denial of that

---

[1] 2018 WL 4767139.

issue. Additionally, the authentic act issue was raised at the appellate level with this court also appearing to remain silent on the issue. Our court has noted that an appellate court's silence on an issue presented for review "means simply that the appellate court, for whatever reason, refused or failed to address the issue or has found it unnecessary to review the issue." *Cotton v. First Fleet*, 08-1363, p. 5 (La.App. 3 Cir. 4/1/09), 7 So.3d 155, 158, *writ denied*, 09-978 (La. 6/19/09), 10 So.3d 741.

We note that the Mitchells incorrectly asserted in their prior 2018 appeal's assignment of error that the trial court's 2017 Judgment determined "the revocation clause contained in the Will of May 26, 2017, was a valid authentic act."[2] As previously stated, the trial court found the 2017 Will to be a valid testament and was silent regarding the authentic act issue. Robertson's 2018 appellee brief brought this to the attention of court in the prior appeal, contending in a footnote that the issue of whether "an invalid testament could still be considered a valid authentic act for purposes of will revocation" "was not considered by the trial court in its decision and thus not part of this appeal." In fact, despite currently pursuing this issue, Robertson conceded in the 2018 appeal that "based upon the Louisiana Supreme Court's recent decision in *Succession of Harlan*, 2017-1132 (La. 05/01/18) [250 So.3d 220], this argument is moot." It is worth acknowledging that the *Harlan* court considered whether a revocation clause contained in a nullified notarial testament, "which otherwise meets the requirements for an authentic act, can constitute a valid and effective revocation of prior wills." *Id*. at 227. The supreme court concluded it

---

[2] The appellate briefs submitted for the prior appeal were included as exhibits to the current appeal.

cannot. This pronouncement was reiterated in *Succession of Dale*, 18-405 (La.App. 1 Cir. 9/24/18), 259 So.3d 1032.

Ultimately, this court focused on the evidence regarding Clarence Walker's ability to read and write before concluding that the Mitchells "proved their case by clear and convincing evidence" thus reversing the trial court's judgment and nullifying the 2017 Will. *Succession of Walker*, 279 So.3d at 1037. This court seemingly remained silent on the authentic act issue. However, considering the pronouncement in *Succession of Harlan* and Robertson's 2018 concession that *Harlan* moots the authentic act issue, which put this court on notice of *Harlan* in the prior appeal, we consider this court's previous silence as a determination that a review of the authentic act issue was unnecessary. Once this court in *Succession of Walker*, 279 So.3d 1030, decided that the 2017 Will was null and void, the revocation clause contained within that testament became ineffective, regardless of meeting the requirements for an authentic act. Indirectly, this court's prior opinion ruled in favor of Appellees based on *Succession of Harlan*.

Based on our review of the record, we affirm the trial court's grant of the Mitchells' Peremptory Exception of Res Judicata and dismissal of Robertson's objection to the probate of the June 15, 2016 Last Will and Testament of Clarence Walker.

**DECREE:**

The November 13, 2020 Judgment is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Joan Robertson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

9